UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AARON CALLENDER,

       Plaintiff,

       v.

C.O. ERIC M. TURNER; DEPUTY
SUPERINTENDENT OF MENTAL
HEALTH, D. WHITE; and SGT.
WILLIAM HEADLEY,

       Defendants.[1]

**DECISION AND ORDER**

6:25-CV-06046 EAW

---

*Pro se* plaintiff Aaron Callender ("Plaintiff"), a prisoner confined at the Elmira

Correctional Facility ("Elmira"), filed a complaint in the Northern District of New York

seeking relief under 42 U.S.C. § 1983. (Dkt. 1).  The portion of the complaint arising from

Plaintiff's confinement at Elmira was transferred to this District (Dkt. 14) and screened

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b) (the "initial screening order").

(Dkt. 17).[2]

The initial screening order permitted Plaintiff's Eighth Amendment excessive force

claim to proceed to service against Sgt. John Doe upon the submission of a signed

---

[1]    The Clerk of Court is directed to update the caption as set forth above to reflect the defendants listed in the amended complaint (Dkt. 18) and the identity of Sgt. John Doe as provided in the *Valentin* response (Dkt. 19).

[2]    Plaintiff's familiarity with the initial screening order is presumed, and information therefrom will be repeated only as necessary.

complaint or amended complaint; dismissed Plaintiff's official capacity and state law claims without leave to amend; and allowed Plaintiff to replead his failure to intervene and equal protection claims, as well as a supervisory liability claim against the Elmira Superintendent. (*Id.* at 15). Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the initial screening order requested the New York State Attorney General's Office to ascertain the identity of Sgt. John Doe (*id.* at 16-17), who has since been identified as Sergeant William Headley ("Sgt. Headley"). (Dkt. 19).

Before the Court is Plaintiff's signed amended complaint. (Dkt. 18). Having screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b), the Court concludes that the Eighth Amendment excessive force claim may proceed against Sgt. Headley in his individual capacity. For the reasons that follow, the remaining defendants and claims are dismissed.

## DISCUSSION

### I. Legal Standards

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).  Permission to amend, however, "is not required where the plaintiff has already been afforded the opportunity to amend."  *Bivona v. McLean*, No. 9:19-CV-0303 (MAD)(TWD), 2019 WL 2250553, at *5 (N.D.N.Y. May 24, 2019) (citations omitted); *Cancel v. N.Y.C. Hum. Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 44 (2d Cir. 2013) ("[T]he district court had already permitted [the plaintiff] to amend his complaint once, and nothing in his amended complaint suggested that he would be able to state a valid. . . claim if he were granted leave to amend a second time.  Therefore, granting [the plaintiff] leave to amend his amended complaint as to these claims would have been futile."); *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice because it "does not remedy any of the pleading deficiencies identified in the Screening Order").

## II.    **The Amended Complaint**

Apart from adding Deputy Superintendent of Mental Health D. White ("White") as a new defendant, the amended complaint adds little, if anything, to what was previously alleged in the initial complaint.  The amended complaint alleges:

> [P]laintiff was assault[ed] by. . . defendants on [August 3, 2021] while in the second floor infirmary by Sergeant [Headley] while C.O. Eric M. Turner accompan[ied] him.  Sergeant [Headley] punched [P]laintiff in the mouth [k]nocking out [his] tooth.  Plaintiff was taken to the outside hospital. . . for his injuries.

(Dkt. 18 at 5).[3]

---

[3]     All references to Sgt. John Doe have been updated to Sgt. Headley.

Plaintiff seeks compensatory and punitive damages. (*Id.*). Defendants are sued in both their official and individual capacities. (*Id.* at 2).

### III.    Analysis

#### A.    Claims Previously Dismissed Without Leave to Amend

The initial screening order dismissed Plaintiff's official capacity claims and state assault and battery claims without leave to amend. (Dkt. 17 at 6-7, 12-14). To the extent these claims have been reasserted in the amended complaint, they remain dismissed.

#### B.    Failure to Intervene

The initial screening order set forth the elements of a failure to intervene claim (Dkt. 17 at 9), including the requirement that a plaintiff plausibly allege that "the officer had a realistic opportunity to intervene and prevent the harm[.]" *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008), *aff'd*, 461 F. App'x 18 (2d Cir. 2012) (citations omitted).

In the original complaint, Plaintiff alleged that C.O. Eric Turner ("Turner") arrived with Sgt. Headley but remained in the doorway of the infirmary at some unspecified distance from where the assault occurred. (Dkt. 1 at 5). Based on the abbreviated nature of the assault, the Court concluded that there was "nothing alleged to suggest that Turner had a reasonable opportunity to protect Plaintiff." (Dkt. 17 at 10). The initial screening order also noted that while Plaintiff alleges that Sgt. Headley was "very belligerent" for some unspecified period preceding the assault (Dkt. 1 at 5), that allegation alone was "insufficient to plausibly allege that Turner should have known that Plaintiff was going to be assaulted." (Dkt. 17 at 10).

- 4 -

None of these deficiencies have been remedied in the amended complaint, which alleges in regard to Turner only that he "accompany[ied]" Sgt. Headley to the infirmary. (Dkt. 18 at 5). The amended complaint also does not suggest that additional facts exist that could support a plausible failure to intervene claim if Plaintiff was given another opportunity to amend. The Court therefore concludes that amendment would be futile and dismisses this claim without leave to amend.

## C.  Equal Protection

As set forth in the initial screening order, "[t]ypically, a plaintiff asserting an equal protection claim 'must allege that similarly situated persons have been treated differently[.]'" *Zahaf v. N.Y. Dep't of Corr. & Cmty. Supervision*, No. 22-CV-291-LJV, 2024 WL 4362313, at *10 (W.D.N.Y. Sept. 30, 2024) (quoting *Gagliardi v. Village of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994)). Such allegations are not necessary, however, "when there is direct evidence of intentional discrimination[.]" *Id.* (citing *Pyke v. Cuomo*, 258 F.3d 107, 108-10 (2d Cir. 2001)).

Plaintiff's amended complaint fails to remedy the deficiencies the Court previously identified in the initial screening order. The amended complaint does not allege facts suggesting that Plaintiff was treated differently than other similarly situated individuals, nor has Plaintiff alleged that there was a discriminatory motive for the alleged excessive force incident. Since the amended complaint does not suggest that there are any additional facts that could support a plausible equal protection claim if Plaintiff was given another opportunity to amend, the Court declines to grant leave to amend this claim.

### D.    Supervisory Liability

As discussed in the initial screening order, "[t]o establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command." (Dkt. 17 at 4 (citing *McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004))). Consequently, a plaintiff must plausibly allege "that each Government-official defendant, through the official's own individual actions[]. . . violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

The Court dismissed the Elmira Superintendent as a Defendant because there were no "allegations [in the complaint] that the Elmira Superintendent, through his or her own individual actions, violated Plaintiff's constitutional rights. . . ." (Dkt. 17 at 12). In place of the Elmira Superintendent, Plaintiff now names White, the Deputy Superintendent of Mental Health, as a defendant. But Plaintiff has not alleged how White was personally involved in the excessive force incident. "Because Plaintiff has not previously been advised of the deficiencies with respect to any claims against [White], the dismissal is without prejudice." *Cato*, 2023 WL 8653857 at *9. Plaintiff "may attempt to pursue a motion for leave to amend, if appropriate, through formal motion practice." *Id.*

## CONCLUSION

Both Turner and White are dismissed as defendants from this action. The only surviving claim in the amended complaint is the individual capacity claim of excessive force claim against Sgt. John Doe, now identified as Sgt. Headley. The United States

- 6 -

Marshals Service shall effectuate service of the amended complaint on Sgt. Headley, and he shall respond to the allegations against him.

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court shall update the caption as set forth above; and it is further

ORDERED that Plaintiff's Eighth Amendment excessive force claim may proceed to service against Sgt. William Headley in his individual capacity; and it is further

ORDERED that the remaining claims in the amended complaint against Sgt. William Headley are dismissed with prejudice; and it is further

ORDERED that the amended complaint is dismissed without prejudice as to Deputy Superintendent of Mental Health, D. White; and it is further

ORDERED that the amended complaint is dismissed with prejudice as to C.O. Eric M. Turner; and it is further

ORDERED that the Clerk of Court shall terminate all defendants as parties to this action *except* Sgt. William Headley; and it is further

ORDERED that the Clerk of Court is directed to cause the United States Marshals Service to serve copies of the summons, amended complaint, and this Decision and Order upon Sgt. William Headley (Elmira Correctional Facility, 1879 Davis Street, Elmira, New York 14902) without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that the Clerk of Court is directed to forward a copy of this Decision and Order and the amended complaint (Dkt. 18) by email to Ted O'Brien, Assistant

Attorney General in Charge, Rochester Regional Office, at Ted.O'Brien@ag.ny.gov; and it is further

ORDERED that pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. William Headley is directed to respond to the allegations against him in the amended complaint; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing if his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 13, 2026
Rochester, New York